IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEE F. McGARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-07-1373-D |
| | ) | |
| MARY E. PETERS, Secretary of the | ) | |
| Department of Transportation, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is the Plaintiff's Motion to Stay Proceedings [Doc. No. 13]. Defendant has filed a response in which she objects to the Motion.

Plaintiff's only basis for seeking a stay is the fact that the United States Supreme Court has granted a petition for a writ of certiorari in *Gomez-Perez v. Potter,* 476 F.3d 54 (1st Cir. 2007), a case involving a federal employee's claim of discrimination based on the Age Discrimination in Employment Act ("ADEA"). Because Plaintiff is also a federal employee and asserts an ADEA claim in this action, he asks the Court to stay this action until the Supreme Court issues an opinion in *Gomez-Perez*.

In response to the Motion, Defendant notes that the issue in *Gomez-Perez* is whether "the federal-sector provision of the Age Discrimination in Employment Act, 29 U. S. C. § 633a (a), prohibits retaliation against employees who complain of age discrimination." *See* Petition for Writ of Certiorari, 2007 WL 978479 (Mar. 30, 2007). Defendant argues that, in this case, Plaintiff does not assert a claim of retaliation under the ADEA.

The Court has reviewed the allegations in the Complaint and agrees with Defendant that the

allegations cannot be construed as asserting a claim of retaliation in violation of the ADEA. Instead, Plaintiff alleges that he has been subject to age discrimination in the form of harassment resulting in a hostile work environment. Plaintiff also asserts a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U. S. C. § 2000e, *et seq.*, alleging that he has been subjected to sexual harassment and discrimination based on a hostile work environment. The only allegations that arguably involve allegedly retaliatory action are those which appear in the "Second Cause of Action," which Plaintiff describes as asserting a claim based on bad faith conduct in violation of Oklahoma common law.

Even if the Complaint asserted a claim of retaliation under the ADEA, Plaintiff does not identify any issue or claim that he believes will be resolved by the Supreme Court's decision in *Gomez-Perez*. Nor does Plaintiff offer any authority to support his request for a stay. Plaintiff states only that 28 U. S. C. § 2350 "appears to provide for a stay" under these circumstances. However, § 2350 does not authorize a stay; it provides for review by the Supreme Court of orders issued by federal agencies or related decisions of a court of appeals:

> An order granting or denying an interlocutory injunction under section 2349(b) of this title and a final judgment of the court of appeals in a proceeding to review under this chapter are subject to review by the Supreme Court on a writ of certiorari as provided by section 1254(1) of this title. Application for the writ shall be made within 45 days after entry of the order and within 90 days after entry of the judgment, as the case may be. The United States, the agency, or an aggrieved party may file a petition for a writ of certiorari.

28 U. S. C. § 2350(a). Although Section 2350(b) states that "[t]he provisions of section 1254(2) of this title, regarding certification, and of section 2101(f) of this title, regarding stays, also apply to proceedings under this chapter," the stay provided in § 2101(f) is inapplicable. According to that section, where a final judgment or decree is subject to review by the Supreme Court, the "execution

and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court." 28 U. S. C. § 2101(f).  Those circumstances are not present in this case.

Accordingly, § 2350 and the other statutory provisions referenced therein do not support Plaintiff's request for a stay.   Plaintiff's Motion to Stay Proceedings [Doc. No. 13] is DENIED.

Prior to the filing of the Motion to Stay Proceedings, Defendant filed a Motion to Dismiss the Complaint, asserting various grounds for dismissal.   Plaintiff has not yet responded to that motion, and instead sought a stay of these proceedings.   Plaintiff is directed to file his response to the Motion to Dismiss no later than April 28, 2008.

IT IS SO ORDERED this 16th day of April, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE