IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEE F. McGARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-07-1373-D |
| | ) | |
| MARY E. PETERS, Secretary of the | ) | |
| Department of Transportation, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is the Defendant's Motion to Dismiss [Doc. No. 12]. Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant argues that the Complaint must be dismissed for lack of subject matter jurisdiction. In the alternative, Defendant contends that portions of the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Although Plaintiff initially failed to respond to the Motion and sought a stay of these proceedings, the Court's Order denying the requested stay [Doc. No. 15] granted Plaintiff additional time to respond to the Motion to Dismiss, and Plaintiff complied with the extended response deadline.

Plaintiff, a United States Department of Transportation ("DOT") employee, asserts claims of employment discrimination under the Age Discrimination in Employment Act, 29 U. S. C. § 626 *et seq.* ("ADEA") and gender-based employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e, *et seq.* ("Title VII"). These contentions are set forth in the "First Cause of Action" in the Complaint. Plaintiff also includes a "Second Cause of Action," which

he describes as asserting "pendant allegations" related to the First Cause of Action.  Complaint, ¶ 19.  The subsequent paragraphs of the Complaint describe numerous occurrences related to Plaintiff's Federal Aviation Administration employment; however, Plaintiff does not identify any additional claims for relief.

Defendant argues that the Title VII claim and part of the ADEA claim in the First Cause of Action must be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies on those claims.  Defendant contends that the Second Cause of Action must also be dismissed for lack of subject matter jurisdiction, arguing that any stated claims are barred by sovereign immunity or failure to exhaust administrative remedies.  Defendant's Rule 12(b)(6) motion asserts that, to the extent Plaintiff has exhausted his remedies as to an ADEA claim, the same must nevertheless be dismissed because his allegations are insufficient to state a claim upon which relief may be granted.

In his response to the Motion, Plaintiff does not address Defendant's contentions regarding subject matter jurisdiction, failure to exhaust remedies, sovereign immunity, or the sufficiency of the allegations in the Complaint.  Instead, he discusses only the standard for adjudicating a summary judgment motion and the burden of proof applicable to an ADEA claim.

Despite Plaintiff's inadequate response to the Motion, the Court has reviewed the Complaint and the governing law.  For the reasons stated herein, the Court concludes that the Motion must be granted in part because the Court lacks subject matter jurisdiction over most of the claims asserted.  Furthermore, to the extent that jurisdiction may be exercised over his ADEA claim, Plaintiff has failed to plead the requisite elements of that claim.  However, Plaintiff will be allowed to file an amended complaint to pursue the claims over which the Court may exercise jurisdiction.

Dismissal for lack of subject matter jurisdiction- First Cause of Action:

Defendant seeks dismissal of the Title VII sex discrimination claim asserted in the First Cause of Action on the grounds that Plaintiff did not exhaust his administrative remedies on that claim; as a result, Defendant argues, this Court lacks subject matter jurisdiction over the Title VII claim. Additionally, Defendant contends dismissal is mandated as to portions of the ADEA claim in the First Cause of Action because Plaintiff did not exhaust his remedies as to some of the age-related allegations.

Defendant correctly argues that, prior to filing a federal lawsuit asserting violations of Title VII or the ADEA, a plaintiff must exhaust his administrative remedies by pursuing a charge with the Equal Employment Opportunity Commission ("EEOC") or the equal employment opportunity office of the federal agency which employs him. *Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996). The exhaustion of remedies requirement applies to both private and federal government employees. *Martinez v. Potter,* 347 F.3d 1208, 1210 (10th Cir. 2003). Exhaustion of remedies is a jurisdictional prerequisite to a suit under Title VII and the ADEA. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir.2005). "Federal courts do not have subject-matter jurisdiction to review Title VII and ADEA claims not exhausted administratively." *Smith v. Potter*, 2007 WL 3104601, at *2 (10th Cir. Oct. 24, 2007)[1], *citing Shikles*, 426 F.3d at 1317. Accordingly, failure to exhaust available remedies is properly raised in a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. *Shikles*, 426 F.3d at 1317. The Court must dismiss unexhausted claims; however, if a complaint asserts both exhausted and unexhausted claims, the Court may

---

[1]*This decision and other unpublished opinions cited herein are offered for their persuasive value in accordance with Rule 36.3 of the Tenth Circuit Court of Appeals.*

proceed to adjudicate the exhausted claims.  *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996),

*cert. denied,* 520 U.S. 1115, 1117 (1997);  *Jenkins v. Educational Credit Management Corp.*, 2007

WL 18919, at **3 (10th Cir. Jan. 4, 2007).

Where the movant challenges the factual basis for subject matter jurisdiction pursuant to

Rule 12(b)(1),  material outside the Complaint may be considered without converting the motion

into a motion for summary judgment.  *Davis ex rel. Davis v. United States,* 343 F.3d 1282, 1296

(10th Cir. 2003).  Specifically, the Court may consider such material where the motion is based on

a plaintiff's  failure to exhaust Title VII or ADEA administrative remedies. *Jenkins*, 2007 WL

18919, at **3.

To determine if Plaintiff has exhausted his remedies with regard to a particular claim,   the

Court must "liberally construe charges filed with the EEOC."  *Jones v. U.P.S., Inc.*  502 F.3d 1176,

1186 (10th Cir. 2007) (*citations omitted)*.  The Tenth Circuit recognizes a limited exception to the

exhaustion requirement; that exception arises only   where the facts  alleged to support an

unexhausted claim are "sufficiently related to the claim" which was the subject of the EEOC charge.

*Id.*  The Circuit has expressly held, however, that this exception is very narrow:

> We emphasize, however, that our inquiry is limited to the scope of the administrative
> investigation that can reasonably be expected to follow from the discriminatory acts
> alleged in the administrative charge. In other words, the charge must contain facts
> concerning the discriminatory and retaliatory actions underlying each claim; this
> follows from the rule that "each discrete incident" of alleged discrimination or
> retaliation "constitutes its own 'unlawful employment practice' for which
> administrative remedies must be exhausted."

*Id.* (Emphasis added*), quoting Martinez*, 347 F.3d at 1210*; Nat'l R.R. Passenger Corp. v. Morgan*,

536 U.S. 101, 114, (2002).  A claim is not "like or reasonably related" if it alleges new  retaliatory

acts occurring during the pendency of the EEOC charge or if it relies on alleged continuing

4

violations of the law[2].  *Morgan*, 536 U.S. at 114;  *Martinez,* 347 F.3d at 1210.

For purposes of exhaustion, claims of Title VII  discrimination are not "like or reasonably related"  to ADEA claims.  *Jenkins*, , 2007 WL 18919, at **3.  Thus, where a plaintiff files a federal suit alleging violations of both the ADEA and Title VII, but his  EEOC charge did not allege any form of discrimination prohibited by Title VII[3], the Title VII claims must be dismissed.  *Id.*

In this case, the documents before the Court establish that Plaintiff has not exhausted any claim that could be construed as based on sex discrimination or any other conduct prohibited by Title VII.  Plaintiff attaches to his Complaint a copy of a letter indicating that he pursued his claim of age discrimination with the DOT's Departmental Office of Civil Rights, and that office processed his age-based complaint in accordance with applicable EEOC regulations.  *See* September 5, 2007 letter, attached to the Complaint as an unmarked exhibit.   As Exhibit 1 to its Motion, Defendant submits a copy of Plaintiff's Complaint of Discrimination filed with the DOT  on May 14, 2007 ("DOT complaint").   The DOT complaint  reflects that Plaintiff's allegations  were based only on age discrimination; Plaintiff did not refer to his gender or include any factual contentions which could be construed as related to sex discrimination.   The DOT complaint form asks the complainant to check the reasons he believes he was "discriminated against," and lists several potential bases for discrimination.  Plaintiff checked only the "Age" category and left blank the categories for sex, race,

_____

[2]*As the Tenth Circuit noted in Martinez, the Supreme Court's decision in Morgan altered the previous view that claims based on continuing violations or retaliatory actions  did not require separate EEOC claims.  347 F.3d at 1210. According to the Circuit,"Morgan abrogates the continuing violation doctrine as previously applied to claims of discriminatory or retaliatory actions by employers, and replaces it with the teaching that each discrete incident of such treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." Id., citing Morgan, 536 U.S. at 110-13.*

[3]*Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2.*

and other protected groups. Defendant's Exhibit 1.  In the portion of the DOT complaint in which

Plaintiff explained the basis for his allegation, Plaintiff stated, "Aggrieved person alleges that

management is trying to force him to leave because of his age, and they are bringing in younger,

lower-paid pilots.  He alleges that there is a pattern of getting rid of the older pilots..." Exhibit 1,

p. 2.  Plaintiff fails to make any reference whatsoever to his gender or to any other  discrimination

prohibited by Title VII.

Plaintiff did not exhaust his administrative remedies with respect to any claim of Title VII

sex discrimination or assert any basis for discrimination other than his age.  Therefore, the Court

lacks subject matter jurisdiction over Plaintiff's Title VII claims in the First Cause of Action, and

the Motion is GRANTED as to those claims.

Defendant also argues that Plaintiff did not exhaust his remedies with regard to some of his

age discrimination allegations; specifically, Defendant refers to the allegations in Paragraph 12 of

the Complaint, in which Plaintiff alleges that, "As a direct and proximate result of the age and/or

sex discrimination by the defendant, plaintiff, Mr. McGarr, has sustained losses of back pay,

benefits, incidental expenses in the past and will continue to suffer such losses in the future."

Complaint, ¶ 12.  Defendant correctly notes that these alleged losses were not expressly included

in Plaintiff's DOT complaint.  However, the Court interprets these allegations as a statement of the

harm purportedly resulting from the alleged age-based discrimination which  was the subject of his

DOT complaint.   Because the alleged  harm  would, if proven, be reasonably related to the

allegations in the DOT complaint, the Court does not regard the Paragraph 12 allegations as setting

forth a "discrete incident" of age discrimination which Plaintiff must exhaust in a separate claim.

 Accordingly, the Motion is denied as to this allegation.

6

The Motion to Dismiss the First Cause of Action for lack of subject matter jurisdiction is therefore GRANTED as to the Title VII claim and DENIED as to the age discrimination claim.

Dismissal for lack of subject matter jurisdiction - Second Cause of Action:

Defendant also argues that all claims asserted in the "second cause of action" must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the United States has not waived its sovereign immunity as to any claims which arguably are asserted in that cause of action. Therefore, Defendant argues, the Court lacks subject matter jurisdiction over those claims.

The United States and its agencies are immune from suit unless Congress has explicitly and unequivocally waived that immunity by statute. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Where a statute contains a waiver of sovereign immunity, that waiver must be "strictly construed, in terms of its scope, in favor of the sovereign." *Id.; see also United Tribe of Shawnee Indians v. United States,* 253 F.3d 543, 547 (10th Cir. 2001). In the absence of "clear congressional consent, then, there is no jurisdiction to entertain suits against the United States." *Governor of Kansas v. Kempthorne*, 516 F.3d 833, 845 (10th Cir. 2008)( *citations omitted*). Where there is no waiver of sovereign immunity in an action against the United States, the court lacks subject matter jurisdiction over the asserted claims. *San Juan County v. United States*, 503 F.3d 1163, 1211.(10th Cir. 2007).

In this case, Plaintiff cites no statutory basis for the claims in the second cause of action and fails to point to any statute on which a waiver of sovereign immunity could be based. He relies only on the supplemental jurisdiction statute, 28 U. S. C. § 1367(a), as the basis for this Court's subject matter jurisdiction over the allegations comprising the second cause of action. However, § 1367(a) does not include a waiver of sovereign immunity. *Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 541-42 (2002); *San Juan County*, 503 F.3d at1182. "[N]either the law permitting supplemental

jurisdiction, nor any other law...gives the federal court the power to decide a claim barred by the Eleventh Amendment." *Wisconsin Dept. Of Corrections v. Schact*, 524 U.S. 381, 387-88 (1998). Therefore, the fact that Plaintiff's allegations in the second cause of action are presented as supplemental claims does not permit their assertion in this case against the government, absent a waiver of sovereign immunity as to liability for the conduct on which those claims are based.  The Court lacks subject matter jurisdiction over the Second Cause of Action, and it must be dismissed.

As Defendant points out, however, the Complaint can arguably be partially construed as attempting to state two claims based on violations of federal law for which a federal agency is potentially liable because of express waivers of statutory immunity.   These include a claim based on  the federal Whistleblower Protection Act and a *Weingarten* claim.  Defendant argues in the alternative that, if the Plaintiff is attempting to assert either claim, dismissal for lack of subject matter jurisdiction is nevertheless mandated.

Whistleblower Protection Act:

Included in the many contentions comprising the Second Cause of Action is Plaintiff's allegation that his supervisor retaliated against him after he engaged in whistleblowing activities when he submitted  a complaint to the Inspector General.  Complaint, ¶¶ 25-26.   Defendant argues that this Court lacks jurisdiction over a whistleblower cause of action.

Federal employees are protected from retaliation for " whistleblowing" activities  under the Whistleblower Protection Act of 1989 ("WPA").  *See* 5 U. S. C. § 2302 (b)(8).  To pursue his rights under  the WPA, an employee must  present a claim to  the Office of Special Counsel of the Merit Systems Protection Board.  *See* 5 U. S. C. § 1214(a)(1)(A).  The statutes set out a detailed procedure for the investigation and determination of such claims; the final decision is made by  the Merit

Systems Protection Board.  *See* 5 U. S. C. § 1214(b) *et seq.*  If the federal employee is dissatisfied

with the final decision, he may appeal to the United States Court of Appeals for the  Federal Circuit.

5 U. S. C. § 7703(b)(1); *Weber v. United States*, 209 F.3d 756, 758 (D.C. Cir. 2000).  A federal

employee cannot bring a WPA action  in federal court  prior to submitting a complaint to the Office

of Special Counsel and exhausting the WPA administrative procedures; exhaustion of those

remedies is "a jurisdictional prerequisite to suit" under the WPA.  *Harris v. Bodman*, 538 F. Supp.

2d 78, 82 (D.D.C. 2008) *(citations omitted)*.    "Under no circumstances does the WPA grant the

District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in

the first instance."  *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002).

If Plaintiff is attempting to assert a cause of action  under the WPA[4] in this case, the Court

has no jurisdiction over that claim.    Plaintiff does not allege that he has submitted a claim to the

Office of Special Counsel or has otherwise taken any action to exhaust his WPA remedies.  Even

if he has done so, however, his appeal of an adverse decision cannot be heard by this Court, but

must be filed with  the Federal Circuit Court of Appeals  in accordance with 5 U. S. C. § 7703(b)(1).

To the extent that Plaintiff attempts to assert a WPA claim, the motion to dismiss that claim is

granted.

*Weingarten* claim:

Plaintiff also alleges that his supervisor denied his request to have a union representative

attend a meeting at which the supervisor threatened  disciplinary action against Plaintiff.  Plaintiff

_____

[4]*As noted in Mineta, there are circumstances in which a federal employee may present both discrimination and WPA claims to the Merit Systems Protection Board; in such cases, an adverse decision may be reviewed by the appropriate district court.  Mineta, 284 F.3d at 143.  In this case, however, there is no evidence that Plaintiff presented any claim to the Merit Systems Protection Board.*

expressly alleges that the supervisor's action violated his "rights under *NLRB v. J. Weingarten, Inc.*, 420 U.S. 251 (1975)." Complaint, ¶ 22-23.  To the extent Plaintiff seeks to assert a separate cause of action based on this contention, Defendant seeks dismissal for lack of jurisdiction.

Pursuant to *Weingarten*, a union member is entitled to have a union representative attend an investigatory meeting if the member believes the meeting  might involve disciplinary action.   420 U.S. at 262.   A violation of  "*Weingarten* rights" constitutes an actionable unfair labor practice in violation of the National Labor Relations Act.  *Id.*

However,  the Federal Service Labor-Management Relations Statute, 5 U. S. C. § 7101 *et seq.*, "precludes a federal district court from considering in the first instance unfair labor practices charges directed at federal agencies."  *Black v. Reno*, 2000 WL 37991, at *9 (S.D. N. Y. Jan. 18, 2000)(*citations omitted*).  Subject matter jurisdiction may be exercised over a  *Weingarten* claim based on a federal agency's alleged unfair labor practices only where the plaintiff  has first exhausted his administrative remedies, as "judicial review of such practices is appropriate only after full exhaustion of administrative remedies."  *Id., citing Karahalios v. National Federation of Federal Employees, Local 1263,* 489 U.S. 527 (1989); *Walsh v. United States,* 588 F. Supp. 523, 526 ( N. D. N. Y. 1983).

Plaintiff does not allege that he has pursued any administrative remedies with respect to a *Weingarten* claim[5].  Accordingly, the allegations in the Complaint are insufficient to establish

_____

[5]*As Defendant notes, on August 13, 2007, Plaintiff submitted union grievances regarding five incidents; copies of documents reflecting these grievances are submitted as Exhibit 2 to the Motion. These incidents are also the subject of some of the allegations listed in the Second Cause of Action, as Plaintiff complained that: 1) he was not considered for the position of Test Pilot; 2) he was falsely accused of abusing the leave system; 3) his right to telecommute was denied; 4) his supervisor violated his Weingarten rights; and 5) his supervisor used profane and obscene language. These incidents are included in the Complaint at Paragraphs 23, 24 and 29, 20 and 21, 22, and 27, respectively.  As Defendant points out, if Plaintiff pursued these claims as grievances in accordance with the established grievance procedure, he has elected that remedy and may not also assert the same claims in a federal lawsuit.  See 5 U.S.C. §*

subject matter jurisdiction in this Court.  To the extent Plaintiff is attempting to assert such a claim, it is dismissed.

Dismissal for failure to state a claim:

Defendant also seeks dismissal of the ADEA claim on which Plaintiff has exhausted his administrative remedies, arguing that, pursuant to Fed. R. Civ. P. 12(b)(6),  the factual allegations are insufficient to state a claim upon which relief may be granted.  As noted above, Plaintiff did not respond to the argument challenging the sufficiency of his ADEA allegations; instead, he argues that summary judgment is improper.

Defendant's Motion does not seek judgment,  but argues that Plaintiff has failed to allege the essential elements of an ADEA claim.  Based on the allegations in the Complaint, Plaintiff appears to contend that, because of his age,  he was not considered for a promotion to the position of Test Pilot; alternatively, he may be asserting an ADEA claim based on a hostile work environment.

Where a motion to dismiss for failure to state a claim is presented, a  court must construe the allegations in the complaint in the light most favorable to the plaintiff.  *Buckley Construction, Inc. v. Shawnee Civil and Cultural Development Authority*, 933 F.2d 853 (10th Cir. 1991).  All well-pleaded allegations in the complaint must be taken as true.  *Id.* at 855.

The standard for evaluating a Rule 12(b)(6) motion has recently changed.  Previously, courts applied a "liberal standard" which held that "a complaint should not be dismissed for failure to state

---

*7121(d); Douglas v. Norton, 2006 WL 137403(10th Cir. Jan. 19, 2006).  Plaintiff fails to include any allegations in the Complaint supporting the propriety of asserting these claims in this lawsuit.  He did not address this issue in his response, and the Court cannot speculate on the basis for his allegations or his intent in including the same in the Complaint.*

a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In 2007, however, the Supreme Court announced a new standard of review, and held that, to avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___ U. S. ___, 127 S.Ct. 1955, 1974 (2007).  The Tenth Circuit has adopted that standard. *Robbins,* 519 F.3d 1242 at 1247;  *see also  VanZandt v. Oklahoma Dept. of Human Services*, 2008 WL 1945344, at *3 (10th Cir. May 5, 2008).  To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 2008 WL 1945344, at *3, *quoting Robbins*,  519 F.3d at 1247.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965.  Thus,  plaintiffs must "do more than generally allege a wide swath of conduct." *VanZandt*, 2008 WL 1945344, at *3, *citing Robbins,* 519 F.3d at 1247.  Instead, they must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Robbins*, 519 F.3d at 1247, *quoting Twombly*, 127 S.Ct. at 1974.

To state an ADEA  claim for relief based on a failure to promote, a plaintiff must allege facts to show that  (1) he was a member of the protected class; (2) he applied for and was qualified for the position; (3) despite being qualified he was rejected; and (4) after he was rejected, the position was filled by someone outside the protected class. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th  Cir.2000).   In this case, Plaintiff alleges that he is over the age of 40. Complaint at ¶ 3.  Therefore, he has sufficiently alleged that he is a member of  the ADEA protected class. He also alleges that  he applied for and was qualified for  the position of Test Pilot. Complaint at ¶ 23.

Although this allegation is not included in the  First Cause of Action, which purports to assert his ADEA claim, the Court will construe the Complaint as satisfying the second requisite element of his ADEA claim.  Plaintiff also alleges that he did not receive the promotion, thus meeting the requirement to plead the third element.  However, the Complaint does not state that the position was given to a younger person below the threshold age of the protected class.

 In this case, considering the Complaint as a whole, the Court finds that Plaintiff's allegations of an ADEA claim based on failure to promote are deficient because Plaintiff fails to allege that a person younger than 40 was hired for the position of Test Pilot.   The Court further concludes, however, that  Plaintiff must be offered an opportunity to file an Amended Complaint to cure this deficiency[6].  Therefore, if Plaintiff has a good faith basis for alleging that the position at issue was given to a younger individual, he may file an Amended Complaint to include that essential allegation.   Furthermore, Plaintiff is cautioned that his Amended Complaint must clearly articulate the facts comprising the essential elements of his ADEA claim.

The Court also interprets the Complaint as attempting to state an ADEA claim that Plaintiff was subjected to a hostile work environment because of his age.   The Tenth Circuit has acknowledged that age-based hostile work environment claims may be cognizable under the ADEA. *MacKenzie v. City and County of Denver,* 414 F.3d 1266, 1280 (10th Cir. 2005).  However, to state a claim for relief on this basis, the Plaintiff must allege facts to show that he was subjected to a

---

[6]*Where the court dismisses a cause of action for failure to state a claim, it may exercise its discretion to allow an amended complaint to cure the deficiency in the original complaint; however, it is not required to do so if the circumstances and the governing law render an amendment futile.  Bauchman ex rel. Bauchman v. West High School, 132 F.3d 542, 559 (10th Cir. 1997), citing  Hom v. Squire, 81 F.3d 969, 973 (10th Cir.1996). Because Plaintiff's DOT complaint alleged that positions were filled by younger persons, the Court cannot conclude that an amendment to include this essential allegation would be futile. See Exhibit 1 to Motion to Dismiss.*

workplace "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.*    His factual allegations must be sufficient to show that he was subjected to a work environment which was both subjectively and objectively hostile and that the environment altered the conditions of his employment. *MacKenzie*, 414 F.3d at 1280 (*citations omitted*). Furthermore, the factual allegations must support a contention that "the harassment stemmed from age-related animus." *Lebow v. Meredith Corp.*, 484 F. Supp. 2d 1202, 1218 (D. Kan. 2007), *citing Holmes v. Regents of the Univ. of Colo.*, 1999 WL 285826, at *7 (10th Cir. May 7, 1999).

Because Plaintiff's DOT complaint of age discrimination includes allegations of harassment, it appears that Plaintiff is attempting to assert an ADEA claim on that basis. However, the Complaint, as drafted, fails to allege the essential elements of such a claim. The Court cannot conclude that Plaintiff will be unable to allege sufficient facts to state a claim on this basis. Therefore, if Plaintiff in good faith believes that he can allege facts that would support a claim that he was subjected to a hostile work environment because of his age, he may include that claim in an Amended Complaint.

Conclusion:

Defendant's Motion [Doc. No. 12] is GRANTED in part and DENIED in part. The Motion to dismiss for lack of subject matter jurisdiction is GRANTED as to all claims asserted in the First Cause of Action except the ADEA claim on which Plaintiff has exhausted his administrative remedies. Defendant's Motion to dismiss the allegations in Paragraph 12 for failure to exhaust remedies is DENIED. Defendant's Motion to Dismiss the ADEA claim pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED; however, Plaintiff is granted leave to file an Amended Complaint,

14

subject to the conditions of this order, to assert an ADEA claim based on the charge on which his administrative remedies have been exhausted.  Plaintiff's Amended Complaint shall be filed no later than 15 days from the date of this Order.  Defendant's response shall be filed according to the deadlines set forth in the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

IT IS SO ORDERED this  11th    day of July, 2008.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE