**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LEE F. McGARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-07-1373-D |
| | ) | |
| MARY E. PETERS, Secretary of the | ) | |
| Department of Transportation, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 23] the Amended Complaint.

Plaintiff has responded, and Defendant has filed a Reply.

Background:

Plaintiff, a United States Department of Transportation ("DOT") employee assigned to the

Federal Aviation Administration ("FAA"), brought this action based on claims of employment

discrimination.  In his original Complaint, he asserted claims of age discrimination pursuant to the

Age Discrimination in Employment Act, 29 U. S. C. § 626 *et seq.* ("ADEA"), as well as  gender-

based employment  discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.

S. C. § 2000e, *et seq.* ("Title VII").  Defendant moved to dismiss the Complaint pursuant to Fed. R.

Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6); Defendant argued the Court lacked jurisdiction over

the Title VII claim and a portion of the ADEA claim because Plaintiff had not exhausted his

administrative remedies related to those claims.  In the alternative, Defendant argued that all claims

should be dismissed because the Complaint failed to state a claim upon which relief can be granted

against the DOT.

In the Court's Order [Doc. No. 21], Defendant's motion was granted in part and denied in

part.  The Court granted the motion to dismiss as to all Title VII claims asserted because Plaintiff

failed to exhaust his administrative remedies as to those claims; thus, the Court has no subject matter jurisdiction over the same. Order at pp. 3-6. The Court also concluded that it lacked jurisdiction over Plaintiff's retaliation claim based on the Whistleblower Protection Act of 1989 and his *Weingarten*[1] claim based on an alleged violation of his rights as a labor union member.

Although the Court denied Defendant's Rule 12(b)(1) motion to dismiss Plaintiff's ADEA claim, it granted the Rule 12(b)(6) motion to dismiss that ADEA claim, finding the asserted allegations insufficient to state a claim for relief. The Court further found that Plaintiff should be allowed to amend the Complaint to assert the ADEA claim. The Order granted leave to amend on that basis. *See* Order [Doc. No. 21], pp.14-15.

Plaintiff filed an Amended Complaint [Doc. No. 22] in which he asserts two claims for relief based on an alleged violation of the ADEA. In the "First Cause of Action," he alleges he was subjected to a hostile working environment because of his age; the only factual allegation in support of that claim is his contention that, for a one-month period beginning on May 14, 2007, a manager "was assigned to monitor him and sat across from him and took notes on his every action." Amended Complaint at ¶ 7. He also alleges that he has sustained "losses of back pay, benefits, [and] incidental expenses." *Id.* at ¶ 12. He does not, however, factually allege or explain how the purported conduct of the manager caused the referenced losses. In the "Second Cause of Action" in the Amended Complaint, Plaintiff alleges that he was subject to age discrimination because he did not receive a promotion for which he applied. Amended Complaint at ¶ 18. He alleges that he was the most qualified candidate and that a "relatively unqualified" applicant in "his mid-thirties" was hired. *Id.* The Second Cause of Action allegations also assert that Plaintiff has been denied overtime compensation since November, 2000 in an amount "in excess of $11,000.00," that he has endured a hostile work environment since 2003, and that his vehicle tires were slashed in the FAA

---

[1] *NLRB v. Weingarten*, 420 U.S. 251(1975).

parking lot.  *Id.* at ¶¶ 19-20.

Defendant now seeks dismissal of the First Cause of Action for failure to state a claim upon which relief may be granted; it seeks dismissal of the Second Cause of Action for lack of subject matter jurisdiction and, alternatively, for failure to state a claim.  In his response to the Motion, Plaintiff argues that summary judgment should not be granted, an argument that is irrelevant because Defendant has not filed a Fed. R. Civ. P. 56 summary judgment motion.  Plaintiff next argues that he has stated a claim for relief under Title VII; that argument is also irrelevant because the Amended Complaint does not include a Title VII claim.  Plaintiff also wholly fails to respond to Defendant's arguments regarding subject matter jurisdiction, and asserts no contention that the Court has jurisdiction over the Second Cause of Action claim.[2]

In the Order dismissing in part the original Complaint, the Court found similar deficiencies in Plaintiff's response to Defendant's motion, noting that he wholly failed to submit argument or authority in response to the issues of subject matter jurisdiction, failure to exhaust remedies, sovereign immunity, or the sufficiency of the allegations in the Complaint.  *See* Order [Doc. No. 21] at p. 2.   Notwithstanding Plaintiff's deficient response, the Court proceeded to analyze the allegations and the governing law.

Plaintiff has again failed to respond to Defendant's arguments and legal authorities.  The Court is not required to, and will not, supply legal authority or factual allegations not presented by Plaintiff.   *Whitney v. State of New Mexico*, 113 F. 3d 1170, 1173-74 (10th Cir. 1997)(citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).   Instead, the Court's analysis will proceed according to the arguments submitted by the parties.

---

[2]The only argument asserted by Plaintiff which is arguably responsive to Defendant's motion is the allegation that he did not receive a promotion because of his age.  However, Plaintiff merely repeats the allegations in the Amended Complaint, and does not respond to Defendant's contentions regarding the absence of subject matter jurisdiction over this claim.

<u>Standards governing Rule 12(b)(6):</u>

Where a motion to dismiss for failure to state a claim is presented, the court must construe the allegations in the complaint in the light most favorable to the plaintiff. *Buckley Construction, Inc. v. Shawnee Civil and Cultural Development Authority*, 933 F.2d 853 (10th Cir. 1991). All well-pleaded allegations in the complaint must be taken as true. *Id.* at 855. To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly ,*550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion).

To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*, 519 F. 3d at 1247.) "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U. S. at 555. Thus, plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570; *Robbins*, 519 F. 3d at 1247. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

However, the Court considers only "well pleaded" allegations, and conclusory allegations not supported by factual contentions are insufficient to state a claim for which relief can be granted. *Hall,* 935 F.2d at 1110; *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059 (1990). As noted above, the Court "will not supply additional factual allegations to round out

a plaintiff's complaint or construct a legal theory on a plaintiff's behalf[3]." *Whitney*,  113 F. 3d at

1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110.)

As Defendant notes in its current motion, the allegations in the First Cause of Action in  the

Amended Complaint contain the same pleading deficiencies as those contained in the original

Complaint.  The Court agrees with Defendant that the only change  to the allegation of a hostile

work environment  is the omission of the dismissed Title VII allegations.  The Court  previously

determined that the factual allegations of a hostile work environment purportedly based on

Plaintiff's age were insufficient to state a claim upon which relief may be granted.  Order [Doc. No.

21] at pp. 13-14.  Liberally construing the original Complaint as intending to state a claim for an

age-based hostile work environment, the Court expressly noted that, to state a claim for relief on this

basis, the Plaintiff allege facts to show that he was subjected to a workplace "permeated with

discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the

conditions of the victim's employment and create an abusive working environment." *MacKenzie*

*v. City and County of Denver*, 414 F. 3d 1266, 1280 (10th Cir. 2005).  Moreover, as the Court

explained, the factual allegations must be sufficient to show that Plaintiff was subjected to a work

environment which was both subjectively and objectively hostile and that the environment altered

the conditions of his employment. *Id.*(citations omitted).  Furthermore, the factual allegations must

support a contention that "the harassment <u>stemmed from age-related animus</u>." *Lebow v. Meredith*

*Corp.*, 484 F. Supp. 2d 1202, 1218 (D. Kan. 2007) (emphasis added) (citing *Holmes v. Regents of*

*the Univ. of Colo.*, 1999 WL 285826, at *7 (10th Cir. May 7, 1999)).

Finding that the original Complaint failed to include these essential allegations, the Court

---

[3]These decisions address the sufficiency of allegations contained in a *pro se* litigant's  complaint which must, of course, be more liberally construed than a complaint drafted by an attorney.  At a minimum,  the same rules apply to the Amended Complaint in this case, as it was drafted by an attorney.

allowed Plaintiff the opportunity to amend to cure the deficiencies.  Plaintiff's Amended Complaint

fails to do so.     As Defendant points out in its motion, Plaintiff's allegations that a manager sat

across from him and took notes are insufficient to constitute a hostile work environment or

harassment.   Courts have repeatedly held that similar conduct does not constitute harassment

sufficient to alter  a plaintiff's employment conditions.  *See, e.g., Heno v. Sprint/United Mgmt. Co.*,

208 F. 3d 847, 857-58 (10th Cir. 2000) (no adverse employment action where a plaintiff's desk was

moved and her telephone calls monitored); *Barber v. Lovelace Sandia Health Systems*, 409 F. Supp.

2d 1313, 1342 (D. N. M. 2005) (contention that a plaintiff was "spied on" and closely scrutinized

did not constitute a discriminatory adverse employment action).

Even if the allegation that the manager watched Plaintiff and took notes were sufficient,

however, Plaintiff fails to allege any facts to show that the alleged conduct was motivated by

Plaintiff's age, an essential element of his hostile work environment claim.    *See, e.g., Lebow,* 484

F. Supp. 2d at 1218.   Nor does he allege that the manager's conduct adversely affected the

conditions of his employment. Although he alleges at paragraph 12 of the Amended Complaint that

he "sustained losses of back pay, benefits, [and] incidental expenses," he wholly fails to allege any

facts to support a causal connection between these losses and the fact that a manager sat across from

him and took notes.   Additionally, his allegation that the tires of his automobile were slashed bears

no causal relationship to his age.

"'The words 'hostile work environment' are not talismanic, for they are but a legal

conclusion; it is the alleged facts supporting those words, construed liberally, which are the proper

focus at the motion to dismiss stage.'" *Moya v. Schollenbarger*, 465 F. 3d 444, 457 (10th Cir.

2006)(quoting *Bass v. E. I. Dupont de Nemours & Co.*, 324 F. 3d 761, 765 (4th Cir. 2003)).   In this

case, the allegations of age-based hostile work environment in the Amended Complaint consist of

legal conclusions and omit the factual allegations necessary to state a claim upon which relief may be granted.    The Court has previously allowed Plaintiff to amend his allegations to cure the deficiencies in his age-based hostile environment claim; his Amended Complaint fails to accomplish that result, notwithstanding the Court's previous Order and its specific explanation outlining the factual allegations necessary to state a claim for relief on this basis.

The Court notes that, in response to the motion to dismiss the Amended Complaint, Plaintiff has not sought leave to further amend to attempt to state a claim for relief.   Obviously, Plaintiff has knowledge of the facts on which he believes an age-based hostile environment claim can be based; he has had two opportunities to allege facts sufficient to support such a claim, and he has wholly failed to do so.    Denial of leave to amend is proper where an amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).   A court properly may deny leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment. *Bauchman for Bauchman v. West High School*,  132 F.3d 542, 562 (10th Cir. 1997).

Under the circumstances presented by this case, including the fact that the Court previously authorized an amendment which has failed to cure the noted pleading deficiencies, the Court concludes that Plaintiff's First Cause of Action must be dismissed without leave to amend. Accordingly, Defendant's Motion to Dismiss is GRANTED as to Plaintiff's First Cause of Action asserting an age-based hostile work environment.

Rule 12(b)(1) dismissal for lack of subject matter jurisdiction:

Defendant also seeks dismissal of Plaintiff's Second Cause of Action, which asserts a claim of age discrimination based on the denial of a promotion to the position of Test Pilot.   Defendant contends that the claim must be dismissed because Plaintiff has failed to exhaust the administrative

remedies as to this claim because it was not the subject of an Equal Employment Opportunity ("EEO") claim according to the DOT procedures incorporating the Equal Employment Opportunity Commission procedures governing discrimination claims.  Furthermore, Defendant contends that, because Plaintiff pursued this claim in a grievance procedure available to him as a union member, he cannot seek statutory relief available under the ADEA on the identical claim; Defendant argues that this Court lacks subject matter jurisdiction over such claims.  Defendant contends that the Second Cause of Action  must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

 As noted herein, Plaintiff has completely failed to respond to this argument.  His response to the Motion contains no reference whatsoever to union grievances or to the legal authorities cited by Defendant.

As discussed in detail in the Court's previous Order, exhaustion of remedies is a jurisdictional prerequisite to a federal suit asserting ADEA claims.  *Shikles v. Sprint/United Mgmt. Co.*, 426 F. 3d 1304, 1317 (10th Cir. 2005).  "Federal courts do not have subject-matter jurisdiction to review Title VII and ADEA claims not exhausted administratively."  *Smith v. Potter*, 252 F. App'x 224, 227 (10th Cir. 2007) (unpublished opinion) (citing *Shikles*, 426 F. 3d at 1317).  "Each discrete [retaliatory or discriminatory action] constitutes its own unlawful employment practice for which administrative remedies must be exhausted."  *Martinez v. Potter*, 347 F. 3d 1208, 1210 (10th Cir. 2003).  Accordingly, failure to exhaust administrative remedies is properly raised in a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  *Shikles*, 426 F. 3d at 1317.

As Defendant points out, Plaintiff fails to allege in the Amended Complaint that his failure to promote claim was the subject of an EEO complaint.   In contrast, he expressly alleged that his age-based hostile environment claim was submitted to the Department of Transportation's ("DOT") Office of Civil Rights, which administratively reviews and determines employment discrimination

complaints filed by FAA employees; he contends that such claim was exhausted prior to filing this lawsuit.[4]  *See* Amended Complaint at ¶ 15.   He attached to the original Complaint a copy of  the DOT's administrative decision addressing his age discrimination claim, and it reflects the only allegation asserted by Plaintiff was the claim of a hostile work environment.  *See* September 5, 2007 letter, submitted as an unmarked attachment to Complaint.   Plaintiff does not submit with the Complaint or Amended Complaint  an administrative complaint to the DOT based on the alleged failure to be promoted to the position of Test Pilot.

Because Plaintiff failed to exhaust the administrative remedies available to him regarding his claim of age discrimination based on the promotion he sought, this Court lacks subject matter jurisdiction to adjudicate that claim, and it must be dismissed.  *See Shikles*, 426 F. 3d at 1317.

As Defendant also argues, dismissal for lack of jurisdiction would also be required as to this claim because Plaintiff elected to pursue it as a  grievance pursuant to his rights as a union member. As Defendant pointed out in its motion to dismiss the Complaint and again argues in the instant Motion, a federal union member may elect to pursue a prohibited employment practice, including discrimination, in a union grievance or through an equal employment opportunity statutory procedure; however, he may not pursue both remedies.   "An aggrieved employee affected by a prohibited personnel practice...may raise the matter under a statutory procedure or the negotiated procedure, but not both."  5 U. S. C. § 7121(d).  Once an employee elects a procedure available to him, "it is irrevocable and the employee must exhaust the remedies provided by that procedure." *Douglas v. Norton*, 167 F. App'x 689, 708 (10th Cir. 2006).  Having elected to pursue the failure to promote claim as a union grievance, Plaintiff cannot also pursue the same claim in a federal lawsuit.

---

[4]Plaintiff attached to the original Complaint a copy of the Department of Transportation Office of Civil Rights determination regarding his hostile environment allegation; that communication reflects that no other claim of age discrimination was asserted.

*Id.; see also Fernandez v. Chertoff*, 471 F. 3d 45(2d Cir. 2006); *Vinieratos v. United States Department of Air Force*, 939 F.2d 762 , 774 (9th Cir. 1991).

In this case, the record reflects that Plaintiff pursued his failure to promote claim through the union as a grievance instead of a complaint with the DOT Office of Civil Rights.   Having elected that remedy, he was required to pursue and exhaust the remedies available to him under the union grievance procedure.   He has failed to allege that he has done so.  Furthermore, he has completely failed to respond to Defendant's arguments and authorities on this point.

This matter was also noted in the Court's Order dismissing the original Complaint; notwithstanding that dismissal and the Court's grant of leave to amend to cure the deficiencies in the allegations, Plaintiff's Amended Complaint does not address this point or contain any curative allegations.  Accordingly, the Second Cause of Action in the Amended Complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

As Defendant asserts, even if the Court concluded that it has jurisdiction over this  claim, it would also be subject to dismissal for failure to state a claim upon which relief may be granted. Although Plaintiff alleges that he sought a promotion and that a younger person was hired in his place, he wholly fails to include factual allegations to show that Defendant's selection of another individual was related to Plaintiff's age.  Plaintiff's allegations are wholly conclusory and, as such, are insufficient to support a claim for relief.

The Court also notes that Plaintiff has not requested leave to amend to cure the deficiencies in the Second Cause of Action.  For the reasons set forth above regarding dismissal of the First Cause of Action, leave to amend is not authorized.

Conclusion:

For the foregoing reasons as well as those set forth in the Order [Doc. No. 21] granting

Defendant's motion to dismiss the original Complaint, the Motion to Dismiss [Doc. No. 23] is

GRANTED.    In addition, for the reasons set forth herein and in the previous Order, the Court

concludes that further attempts to amend would be futile and, as a result, no further amendment is

authorized.  This action is DISMISSED[5] with prejudice to its refiling.

IT IS SO ORDERED this 17th    day of November, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5]Having reached this conclusion, the Court need not address Defendant's remaining arguments that, at a minimum, Plaintiff is not entitled to his requested remedies of liquidated damages, consequential damages and attorney fees.  Furthermore, the remedies sought are not the proper subject of a motion to dismiss for failure to state a claim for relief; the question raised by the motion is "whether the claim as stated would give the plaintiff a right to any relief, rather than to the particular relief demanded." *Cassidy v. Millers Cas. Ins. Co. of Texas*,1 F.Supp.2d 1200, 1214 (D.Colo.1998), *citing Daniels v. Thomas*, 225 F.2d 795, 797 (10th  Cir.1955)).